# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ROBERT ANTHONY LAY        :

                                  :

v.                                 :      Civil No. CCB-18-96

                                  :

CAESARS ENTERPRISE SERVICES, LLC  :

## MEMORANDUM

Plaintiff Robert Anthony Lay filed this action against Caesars Enterprise Services, LLC,[1] claiming fraud, negligence, and unfair and deceptive trade practice in connection with the World Series of Poker Circuit. Mr. Lay filed motions to remand this action to state court (ECF No. 10), and for limited jurisdictional discovery (ECF No. 16). The defendant filed motions to dismiss (ECF No. 11), to amend/correct its notice of removal (ECF No. 15), and for leave to file a surreply regarding the pending motion for jurisdictional discovery (ECF No. 23). The issues in this case have been fully briefed, and no hearing is necessary. See Local R. 105.6. For the reasons stated below, the motions to correct the notice of removal and for leave to file a surreply will be granted. The motions to remand to state court and for jurisdictional discovery will be denied. The motion to dismiss will be granted.

## BACKGROUND[2]

---

[1] The defendant states that the plaintiff has improperly named it as Caesars Enterprises Services, LLC, although its accurate name is Caesars Enterprise Services, LLC. It claims that there is no such entity as Caesars Enterprises Services, LLC and that any reference to such is the result of a clerical error. In all filings in this litigation it has represented itself as Caesars Enterprise Services, LLC. The court will direct the Clerk to correct the name of the defendant on the docket to Caesars Enterprise Services, LLC, and will refer to defendant by that name.

[2] The facts contained herein are alleged in the complaint, unless otherwise noted. No discovery has occurred yet in this case.

1

In 2013, Mr. Lay was indicted in connection with an illegal sports gambling racket in the Western District of Oklahoma. Compl. ¶ 16-17 (ECF No. 2). He ultimately pled guilty to engaging in a racketeering conspiracy in violation of 18 U.S.C. 1962(d) in 2015 and was sentenced to one year of probation, 104 hours of community service, and to pay a special assessment of $100. *Id.* ¶ 19-21. He has completed his sentence and his period of probation has ended. *Id.* ¶ 22. He states that his criminal conviction was publicly known, particularly throughout the "gaming community." *Id.* ¶ 37.

Mr. Lay currently earns a living, at least in part, as a professional poker player. He competes in tournaments across the country. *Id.* ¶ 23. In 2016, Mr. Lay participated in several events in the World Series of Poker Circuit ("WSOPC") with the intention of qualifying for the Global Casino Championship by earning sufficient qualifying points through WSOPC events. *Id.* ¶ 27-28. One of these events occurred at the Horseshoe Casino in Baltimore, Maryland in April and May 2017. *Id.* ¶ 30. The Horseshoe Casino is owned and operated by the defendant. *Id.* ¶ 31. Mr. Lay alleges that the defendant or one of its affiliates owns and operates the WSOPC. *Id.* ¶ 32.

Mr. Lay accumulated sufficient points in the qualifying WSOPC events to receive an invitation to the Global Casino Championship in August 2017. *Id.* ¶ 33. After he received his invitation, however, Mr. Lay received notification from the Caesars Entertainment Corporation that he was banned from entry on all Caesars properties in the United States. *Id.* ¶ 34; Def. Ex. 1 (ECF No. 11-2). As the Global Casino Championship occurs at a Caesars property, he was effectively barred from participation. Compl. ¶ 35. Mr. Lay states that the value of the invitation

to the Global Casino Championship and the accompanying travel and expenses is $10,000. *Id.* ¶ 14.

On November 2, 2017, Mr. Lay filed suit against Caesars Enterprises Services, LLC in the Circuit Court for Baltimore County, Maryland. *Id.*; Notice of Removal, ECF No. 1. Mr. Lay sued the defendant for fraud, negligent misrepresentation, negligence per se, and unfair and deceptive trade practices. *Compl.* ¶ 39-56. Essentially, he argues that the defendant represented through advertisements that any person who accumulated sufficient points at qualifying WSOPC events would earn an invitation to the Global Casino Championship, in order to encourage participation at the WSOPC events over other poker competitions. In issuing the banning notice based on publicly available information regarding his criminal conviction, Mr. Lay alleges the defendant failed to fulfill his earned invitation to the Global Casino Championship, making their representations regarding WSOPC participation fraudulent and/or negligent. Mr. Lay alleges that he suffered an injury of $10,000 in the lost value of participation. He asks "in excess of $75,000" for actual and punitive damages on his fraud claim and $25,000 for each of his remaining three claims. *Id.*

The case was removed to this court by the defendant on the basis of diversity jurisdiction on January 10, 2018, within the 30-day period for removal under 28 U.S.C. § 1446(b). Mr. Lay filed a motion to remand to state court and for attorney's fees on January 12th. The defendant responded with a motion to dismiss for failure to state a claim and for lack of jurisdiction, or to transfer, on January 17th. On January 22nd, the defendant filed a motion to amend or correct its notice of removal and opposition to the plaintiff's motion to remand. Mr. Lay filed a motion for discovery on the limited question of general jurisdiction and a response in opposition to the

motion to dismiss on January 29th. He also filed a response in opposition to the motion to amend or correct the notice of removal on February 2nd. On February 12th, the defendant filed its reply regarding the motion to dismiss, and a response in opposition to the motion for discovery. On February 15th, the defendant also filed their reply regarding the motion to amend or correct the notice of removal. On February 24th, Mr. Lay filed his reply regarding the motion for discovery. The defendant filed a motion for leave to file a surreply regarding the motion for discovery on March 12th, to which Mr. Lay filed a response on March 24th. At no point has Mr. Lay moved to amend his complaint, nor has he indicated in any of his motions or briefs any intent to do so.

Currently pending before the court are the motion to remand, the motion to dismiss or transfer, the motion to amend or correct the notice of removal, the motion for discovery and the motion for leave to file a surreply. The motion for leave to file a surreply will be granted, and the arguments made in that surreply have been considered by the court. The other motions will be addressed in turn.

## ANALYSIS

### A. Subject Matter Jurisdiction

Diversity jurisdiction is generally limited to disputes between "citizens of different States." 28 U.S.C. § 1332(a)(1). That limitation requires the parties to be completely diverse, "meaning a plaintiff cannot be a citizen of the same state as any defendant." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). Where one of the parties is a limited liability company, that party bears the citizenship of each of its members. If one of those members is itself an LLC, then the party's citizenship must "be traced through multiple levels," meaning that its citizenship derives from the membership of the parent LLC, as well as its own membership.

4

*Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co.*, 364 F.3d 858, 861 (7th Cir. 2004). Courts assess the citizenship of a natural person by domicile. *See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. After the initial thirty days in which removal and amendment of the removal notice is permitted, "district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis." *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014). Amendment is appropriate for procedural or technical defects, but not jurisdictional defects. *Id.*; *Doe v. Blair*, 819 F.3d 64, 67 (4th Cir. 2016).

The defendant removed this case on the basis of diversity jurisdiction. Initially, the notice of removal did not include the citizenship of each of the members that comprise Caesars Enterprise Services, LLC. Mr. Lay filed a motion to remand based on this deficiency. In response, the defendant filed a motion to amend or correct its notice of removal to add the citizenship of all of its members. As diversity citizenship was asserted as the basis for removal in the initial notice of removal, the deficiency of omitting the citizenship of each of the defendant's members specifically was a procedural defect. *See Muhlenbeck v. KI, LLC*, 304 F.Supp.2d 797, 802 (E.D. Va. 2004) (permitting amendment of a notice of removal where an LLC defendant failed to include the citizenship of its members in its original notice). Thus, the motion to amend will be granted.

The notice of removal, as amended, demonstrates complete diversity among all parties. All of the defendant's members are Delaware corporations with their principal place of business

5

in Nevada. *See* Am. Notice of Removal ¶ 5, ECF No. 15-4. Mr. Lay is domiciled in Oklahoma. Compl. ¶ 1. The amount in controversy exceeds $75,000. *Id.* ¶ 44; Am. Notice of Removal, ¶ 3. Accordingly, the motion to remand will be denied. Attorney's fees will not be awarded because the case will not be remanded. *See* 28 U.S.C. § 1447(c).

**B. Personal Jurisdiction and Venue**

The defendant has argued that this court lacks personal jurisdiction over this suit. It further argues that if personal jurisdiction does exist, this court is an improper venue and the case should be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). The court will assume without deciding, based on the plaintiff's allegations, that the defendant owns and operates the Horseshoe Casino and that the plaintiff earned some qualifying points for the World Series of Poker Circuit while competing there, providing this court with personal jurisdiction and making it a proper venue for this suit. Accordingly, Mr. Lay's motion for discovery regarding general jurisdiction will be denied as moot.

**C. Failure to State a Claim**

1. *Standard*

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The

mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

2. *Fraud*

Under Maryland law, a plaintiff seeking to demonstrate civil fraud based on an affirmative misrepresentation must show that:

> (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.

*Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005). In addition, Federal Rule of Civil Procedure 9(b) "requires a plaintiff to plead 'with particularity the circumstances constituting fraud.'" *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (quoting Fed. R. Civ. P. 9(b)). These "circumstances include the time, place, and contents of the false representations, as

well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (citation and internal quotation marks omitted). *See also* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). The purposes of Rule 9(b) are to provide notice to a defendant of its alleged misconduct, prevent frivolous suits, eliminate fraud actions in which all the facts are learned after discovery, and protect defendants from harm to their goodwill and reputation. *U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 456 (4th Cir. 2013). "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that [the] plaintiff has substantial prediscovery evidence of those facts." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

In this case, the plaintiff has failed to plead the circumstances of the alleged fraud with sufficient particularity to sustain a claim. Mr. Lay claims the defendant "represented to the public at large—including Mr. Lay—that any person accumulating a sufficient number of points on the WSOPC tour would be invited to play in the Global Casino Championship, for free, with travel and expenses paid for by Caesars." Compl. ¶ 40. Within his claim for fraud, and the background paragraphs incorporated therein, he entirely fails to allege when or where this representation was communicated to the "public at large," nor does he identify who comprised this "public" beyond the fact that it included Mr. Lay himself. Mr. Lay cites a number of paragraphs in his complaint as identifying the "when" and "where" of the communications, and seems to argue that one can deduce from their combination when and where the communications were made. When reviewing these paragraphs, however, it is clear that Mr. Lay failed to make specific allegations

8

regarding the time and location of the representations. The fact that he traveled to Maryland in April and May of 2017 to participate in the World Series of Poker Circuit does not identify when the representations were made, even if he previously stated this Circuit is a "year-long promotion."

Additionally, Mr. Lay includes no specific quotes, nor descriptions of the representations, nor even the method(s) of communication that could assist the defendant in identifying what statements he is relying on for his claim. In omitting these basic facts surrounding the alleged fraudulent statement(s), Mr. Lay has failed to plead this claim with sufficient particularity to meet the requirements of Rule 9(b). Therefore, this claim will be dismissed.

3. *Negligent Misrepresentation*

Mr. Lay also asserts a negligent misrepresentation claim. To establish a claim for negligent misrepresentation under Maryland law, a plaintiff must prove:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserted a false statement; (2) the defendant intended that the statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, took action in reliance on the statement, and (5) the plaintiff suffered damage proximately caused by the defendant's negligence.

*Swinson v. Lords Landing Village Condo.*, 758 A.2d 1008, 1016 (Md. 2000). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

As in the fraud claim, the plaintiff has failed to identify with sufficient specificity what statement he relied upon when deciding to participate in the qualifying event held at the

Horseshoe Casino. Mr.Lay's negligent representation claim includes the additional detail that "the statement was in the nature of an advertising promotion." Compl. ¶ 48. However, this does not indicate where or when Mr. Lay saw the advertisement, via what method it was communicated, or any other details that could assist the defendant in locating the advertisement. There is no evidence that Mr. Lay even has a specific statement or representation in mind underlying his claim. Without knowledge of the specific contents of the alleged representation, or sufficient identifying details to locate the alleged statement, the defendant cannot prepare a defense, and this claim also will be dismissed.

4. *Negligence Per Se*

Mr. Lay brings a claim of negligence per se based on alleged violation of Md. Code Ann., Com. Law § 11-703, which states "A person may not advertise falsely in the conduct of any business, trade, or commerce or in the provision of any service." First, it appears that this section may be enforced only by the state Attorney General. *See* Md. Code Ann., Com. Law § 11-705. In any event, the court does not reach the question of whether the plaintiff's fashioning of his claim as a negligence per se claim is sufficient to circumvent the outlined enforcement procedures because the claim fails by its own terms. Once again, Mr. Lay failed to identify any allegedly false advertisement with sufficient specificity to survive a motion to dismiss. This claim will be dismissed.

5. *Unfair and Deceptive Trade Practices*

Finally, Mr. Lay claims the defendant conducted unfair and deceptive trade practices in violation of the Maryland Consumer Protection Act, specifically Md. Code Ann., Com. Law § 13-301(1), 13-301(3), 13-301(5)(i), 13-301(9)(i) and (iii), and 13-301(14)(i). The alleged unfair

Horseshoe Casino. Mr.Lay's negligent representation claim includes the additional detail that "the statement was in the nature of an advertising promotion." Compl. ¶ 48. However, this does not indicate where or when Mr. Lay saw the advertisement, via what method it was communicated, or any other details that could assist the defendant in locating the advertisement. There is no evidence that Mr. Lay even has a specific statement or representation in mind underlying his claim. Without knowledge of the specific contents of the alleged representation, or sufficient identifying details to locate the alleged statement, the defendant cannot prepare a defense, and this claim also will be dismissed.

4. *Negligence Per Se*

Mr. Lay brings a claim of negligence per se based on alleged violation of Md. Code Ann., Com. Law § 11-703, which states "A person may not advertise falsely in the conduct of any business, trade, or commerce or in the provision of any service." First, it appears that this section may be enforced only by the state Attorney General. *See* Md. Code Ann., Com. Law § 11-705. In any event, the court does not reach the question of whether the plaintiff's fashioning of his claim as a negligence per se claim is sufficient to circumvent the outlined enforcement procedures because the claim fails by its own terms. Once again, Mr. Lay failed to identify any allegedly false advertisement with sufficient specificity to survive a motion to dismiss. This claim will be dismissed.

5. *Unfair and Deceptive Trade Practices*

Finally, Mr. Lay claims the defendant conducted unfair and deceptive trade practices in violation of the Maryland Consumer Protection Act, specifically Md. Code Ann., Com. Law § 13-301(1), 13-301(3), 13-301(5)(i), 13-301(9)(i) and (iii), and 13-301(14)(i). The alleged unfair

or deceptive practices include allegations of fraud or misrepresentation, or require a statement, failure to make a statement, or advertisement. Like the previous three claims, Mr. Lay has failed to identify an instance of representation with sufficient specificity to survive a motion to dismiss. This claim will be dismissed.

## CONCLUSION

For the reasons stated above, the motions to correct the notice of removal and for leave to file a surreply will be granted. The motions to remand to state court and for jurisdictional discovery will be denied. The motion to dismiss will be granted with prejudice, as Mr. Lay has not moved to amend his complaint nor indicated any intent to do so to rectify any of the defects identified in the defendant's motion to dismiss.

A separate order follows.

4/25/18
Date

/s/ CCB
Catherine C. Blake
United States District Judge