# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ROBERT ANTHONY LAY

v.     Civil No. CCB-18-96

CAESARS ENTERPRISE SERVICES, LLC

## MEMORANDUM

Plaintiff Robert Anthony Lay filed this action against Caesars Enterprise Services, LLC, claiming fraud, negligence, and unfair and deceptive trade practices in connection with the World Series of Poker Circuit. The case was dismissed with prejudice for failure to state a claim upon which relief could be granted on April 25, 2018. (ECF No. 26.) The facts underlying this suit are described in the memorandum accompanying that order. (ECF No. 25.) On May 22, 2018, Mr. Lay filed a motion to alter or amend the judgment and for leave to file a first amended complaint. (ECF No. 29.) On June 5, the defendant filed its opposition. (ECF No. 30.) On June 19, Mr. Lay filed his reply. (ECF No. 31.) The motion will be denied.

Federal Rule of Civil Procedure 15(a)(2) permits amendment of a pleading "only with the opposing party's written consent or the court's leave" and states that "[t]he court should freely give leave when justice so requires." Federal Rule of Civil Procedure 59 requires that a motion to alter or amend a judgment be filed within 28 days of the entry of the judgment. The Fourth Circuit has explained that "a post-judgment motion to amend is evaluated under the same legal standard—grounded on Rule 15(a)—as a similar motion filed before judgment was entered." *Matrix Capital Management Fund, LP v. BearingPoint, Inc.* 576 F.3d 172, 193 (4th Cir. 2009) (quoting *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006) (internal quotation marks omitted).

1

"[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Id.* The Supreme Court has recognized the following reasons for denial of a motion to amend under Rule 15(a): "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178 (1962).

Bad faith, undue delay, and futility all support denial of Mr. Lay's motion. His amended complaint seeks to add ten "John Doe" defendants, whom he identifies as various entities related to Caesars Enterprise Services and the World Series of Poker. (Ex. 1, Proposed First Amended Complaint ¶¶ 3-4.) He states he does not know the identity of these John Doe entities, that he believes he has sued the proper entity, and adds these Doe defendants as an "exercise in good faith pleading." (*Id.*) In the same paragraph, however, in which he claims "good faith," he identifies two entities that appear connected to the World Series of Poker – Caesars Interactive Entertainment, Inc. and Caesars Entertainment Corporation. As the defendant has repeatedly pointed out and is readily apparent from the notice itself, Caesars Entertainment Corporation also issued the banning notice central to Mr. Lay's claim. (*See* Memo. Supp. Mot. Dismiss at 2, ECF No. 11; Ex. 1, Banning Notice, ECF No. 11-2; Def.'s Opp. Pl.'s Mot. Amend, 12-13, ECF. No. 30.) Mr. Lay has an unfortunate history in this case of refusing to acknowledge the proper defendant for his claims.[1] Despite the apparent availability of the identity of at least two of the John Doe defendants implicated in the actions giving rise to this suit, and the strong likelihood

---

[1] Despite the defendant's repeated assurances in numerous filings that its proper name is Caesars Enterprise Services, LLC, and this court's clarification of the defendant's name in its April 25, 2018 memorandum, Mr. Lay continues to refer to the nonexistent entity Caesars Enterprises Services, LLC in his filings. *See, e.g.,* Mot. Alter Judgment, ECF No. 29; Reply Def.'s Opp. Pl.'s Mot. Jurisdictional Disc., ECF No. 22; Opp. Def.'s Mot. File Sur-reply, ECF No. 24.

that the identities of other entities within the relevant corporate structure are presently available to him, Mr. Lay has refused to name them.

In his reply, Mr. Lay argues that he has not named the two identified entities because they do not appear licensed to operate in Maryland, and he is seeking to recover from harms that occurred in Maryland. Mr. Lay chose to file his complaint in Maryland owing to his participation in a tour stop at the Horseshoe Casino in Baltimore. As explained in his complaint, however, the Horseshoe was just one of several casinos across the country at which Mr. Lay attended a tour stop on the World Series of Poker Circuit. *See* Compl. ¶ 5-6, 27, 30, 42. The Global Casino Championship, to which Mr. Lay was denied access by Caesars Entertainment Corporation, was held at Harrah's Cherokee Casino Resort in North Carolina. Mot. Dismiss at 2. The scope of the scheme and harms alleged is not confined to the state of Maryland. Mr. Lay's choice of Maryland as the forum for his suit is not a sufficient justification for refusing to name implicated defendants in an alleged nationwide scheme.

Mr. Lay also seeks to add specific advertisements to his allegations to cure the defects identified in the order dismissing his claims. In *Matrix Capital*, the Fourth Circuit stated that "delay alone is an insufficient reason to deny a motion to amend," and explained that the delay in that case was not the fault of the moving party. 576 F.3d at 193. In this case, however, Mr. Lay's delay in amending his complaint to include sufficient specificity was entirely undue. He was put on notice of the defect in his complaint by the defendant's motion to dismiss. Yet, Mr. Lay failed, until now, to take action to remedy the identified defects in his pleading. The advertisements Mr. Lay now seeks to add have been available to him throughout the pendency of this suit. His withholding of them prevented the defendant from properly answering or otherwise

responding to the complaint.[2]

Mr. Lay argues that initially he had not included the specific advertisements upon which his claims are based because of a lower pleading standard required in the state court in which he initially filed. These defects, however, were identified well in advance of this court's order dismissing the case. In *Matrix Capital,* the plaintiff demonstrated good faith by amending its complaint earlier in the proceedings, as soon as relevant information became available, and had stated at a motions hearing that he was "in a position to significantly bolster the allegations" in question. 576 F.3d at 195. In contrast, Mr. Lay's failure to remedy this defect, when the information was readily available to him, indicates bad faith and undue delay. His one-sentence request for leave to amend his pleadings if they were found insufficient was not accompanied by any supporting argument for doing so nor even a statement that he was *capable* of doing so. The court in *Matrix Capital* stated that "the strategy of not submitting a formal motion to amend and instead arguing that the operative complaint was adequate can, of course, be questioned" but "the strategy does not amount in any way to bad faith." In the present case, the additional circumstances surrounding the refusal to identify specific "John Doe" defendants who are readily identifiable, in addition to the undue delay in including the requisite specificity in its claims, suggests bad faith that was not present in *Matrix Capital.*

Finally, even if Mr. Lay were not acting in bad faith, it appears quite likely that permitting this amendment would be futile. For example, as discussed above, Mr. Lay has refused to add Caesars Entertainment Corporation as a defendant in this case, despite the fact that it is the entity that issued the banning notice preventing his participation in the tournament. There is no need to permit Mr. Lay to add a series of John Doe defendants when one of the implicated

---

[2] The court is not finding that the advertisements are sufficient to support the sufficiency of the complaint, but rather noting that they could have been presented to the court and the defendant much earlier in this litigation.

4

entities has been repeatedly identified.[3] Additionally, it is clear from the face of the document that Caesars Enterprise Services, LLC, the sole identified defendant in this case, did not issue the banning notice. Although the court need not reach futility as an additional ground for denying Mr. Lay's motion to alter or amend the judgment, the fact that Mr. Lay insists on continuing to sue an improper entity and refuses to add an entity that actually prevented his participation in the tournament further supports the court's denial of his motion.

Mr. Lay's conduct thus far is sufficient to demonstrate bad faith, undue delay, and likely futility. For that reason, the plaintiff's motion to alter or amend judgment and for leave to file a first amended complaint will be DENIED.

A separate order follows.

7/12/18
Date

_____
Catherine C. Blake
United States District Judge

---

[3] Designating John Doe defendants "is generally not favored in the federal courts," and "[t]he Court will not permit the use of a 'John Doe' designation if the plaintiff's ignorance of the defendants true identity is the result of willful neglect or lack of reasonable inquiry." *Williams v. 21st Mortgage Corp.*, 2017 WL 1133706, at *4 (D. Md. Mar. 27, 2017), aff'd, 704 F. App'x 302 (4th Cir. 2017) (internal citations and quotations omitted.)